ROBINSON v. RUSSELL.

1. WILLS—CONSTRUCTION—EQUITY—JURISDICTION—TRUSTS.
   A court of equity has jurisdiction to construe wills incidental to its general power over trusts and trust estates (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

2. SAME—CONSTRUCTION—PARTIES.
   A bill for the construction of a will may be filed by anyone interested in the determination of the questions involved (Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941).

3. SAME—TESTAMENTARY TRUST—VESTING OF CONTINGENT INTEREST—DISCRETION OF TRUSTEES.
   Under trust for testator's son which continued for some 13 years before son's death and which was terminable by payment to son by trustees upon their determination that the son was absolutely free from habitual use of alcoholic beverages .

---

The extent of the interest of the beneficiary may rest wholly within the discretion of the trustee, see 1 Restatement, Trusts, § 129, comment d.

and narcotic drugs, where no such determination appears to have been sought and the trustees made none, such nonaction, in the absence of fraud, must be held to be evidence that they did not consider he had become free from such habits, hence, since no interest vested in son during his lifetime his widow took no interest in the trust.

4. SAME—TRUSTS—VESTING OF CONTINGENT INTEREST.—DISCRETION OF TRUSTEES.

Under trust for testator's son which was terminable by payment to son by trustees at any time satisfactory, sufficient and convincing proof should be made to them that he was free from habitual use of alcoholic beverages and narcotic drugs and no determination by the trustees was sought or made, their nonaction was properly found not to have been an abuse of discretion and did not terminate the trust and vest an interest in the son prior to his death.

Appeal from Manistee; Pugsley (Earl C.), J. Submitted October 15, 1946. (Docket No. 74, Calendar No. 43,542.) Decided April 8, 1947.

Bill by Gertrude Kieling Robinson, individually and as executrix of the estate of Harold H. Robinson, deceased, against Isabell H. Russell and others, as legatees, and Max E. Neal and another, as trustees, under the will of Humphrey D. Robinson, deceased, to construe a will. Decree for defendants on motion to dismiss. Plaintiff appeals. Affirmed.

*Warner, Norcross & Judd* and *Platt W. Dockery,* for plaintiff.

*Penny & Charter,* for defendant trustees.

*Kelley & Seelye,* for defendant heirs of Janet Robinson, deceased.

REID, J. This is a bill which, among other things, prays for the construction of the will of Dr. Humphrey D. Robinson, a resident of Manistee county,

who died May 14, 1932. His will, dated April 25, 1932, was admitted to probate. It is fairly to be inferred that the administration of his estate was completed and that the residue was turned over to the two trustees named in the will, who are alleged in the bill to have been appointed as executors and trustees under the will, and are spoken of as now acting as trustees. The said trustees are named defendants and are hereinafter referred to as the defendants, notwithstanding that some 20 distributees are also made defendants. The bill was dismissed on defendants' motion without taking testimony. Plaintiff appeals.

Defendants' motion was based on 12 grounds, but a lesser number of questions involved appears in the briefs. Defendants question the jurisdiction of the chancery court to entertain a bill to construe a will in the absence of an appeal from probate court, but do not insist on the objection. See Act No. 288, chap. 1, § 19, Pub. Acts 1939, as amended by Act No. 26, Pub. Acts 1941 (Comp. Laws Supp. 1945, § 16289–1[19], Stat. Ann. 1943 Rev. § 27.3178 [19]).

"A court of equity has jurisdiction to construe wills incidental to its general power over trusts and trust estates. 40 Cyc. p. 1838. A bill may be filed by anyone interested in the determination of the questions involved. 40 Cyc. p. 1848." *MacKenzie* v. *Union Guardian Trust Co.*, 262 Mich. 563, 572, 573.

The question of paramount importance is the construction of paragraph 4 (e) and paragraph 4 (h) of the will, which are as follows:

"(e) The said trustees shall pay the principal of said trust fund and/or the accretions and additions thereto and/or the residue thereof, as the case may be, to my said son, Harold H. Robinson, at any time satisfactory, sufficient and convincing proof

shall be made to said trustees that he is absolutely free and exempt from any habitual use of wine, spirits, malt or other alcoholic beverages or from opium, chloral, cocain and/or other narcotic drugs and upon such payment such trust shall cease for all purposes. The decision of my said trustees thereon, in the absence of actual fraud on their part, shall be final upon each occasion they shall pass upon said question.  *  *  *

"(h)   In the event that my said son dies without issue surviving him and my said wife pre-deceases him so that said trust estate shall lapse by want of beneficiaries, then, I give, devise and bequeath said trust estate and/or the residue thereof, as follows:"

Subdivisions (1) and (2) of paragraph 4 (h) provide that in the event mentioned in paragraph 4 (h), one-third of the residue is devised and bequeathed to the widow's heirs-at-law and two-thirds to those entitled to take testator's personal property, according to the laws then in force.

Testator's widow died July 8, 1944. Testator's son, Harold H. Robinson (plaintiff's husband), died June 7, 1945, without issue surviving him. Defendant trustees had made no decision during Harold's lifetime, either verbally or in writing, that Harold had become free from the liquor habit or drug addiction.

Plaintiff's bill of complaint alleges in substance that although the trustees knew on or before June 1, 1944, or at some time prior to Harold's death, that Harold was free from liquor and drug addictions, yet the trustees,

"At all times from and after June 1, 1944, inadvertently failed to exercise any power or powers of determination in them, or either of them, and have not passed upon the question of whether Harold H. Robinson was, or at some prior time to his death,

had become absolutely free and exempt from any habitual use of wine, spirits, malt or other alcoholic beverages, or from opium, choral [chloral], cocain and/or other narcotic drugs, and therefore entitled to the principal of said trust fund, as provided in said will.''

The bill among other things prays for an order of the court determining that the trust created in paragraph 4 of the will terminated during Harold's lifetime, and that the trust fund under said paragraph 4 passed upon Harold's death to plaintiff, Harold's widow. The bill further prays that the defendant trustees be required to execute all necessary conveyances to effectuate the transfer of said trust fund to plaintiff; further, that the defendant trustees be directed by the court to make a determination as to whether or not said Harold H. Robinson had become absolutely free and exempt from alcoholic and drug addictions at any time prior to his death.

The trust in question continued for about 13 years before Harold's death, and it is not claimed in the bill that during such time Harold or anyone on his behalf made any effort to obtain a determination that he had become absolutely free and exempt from liquor or drug habits. There is no claim that the nonaction on the part of the trustees as to Harold's claimed freedom from liquor and drug habits was in any respect evidence of fraud on the part of the trustees. The defendant trustees may well have doubted the permanency of Harold's supposed reform during the period, June 1, 1944, until his death, June 7, 1945. In the absence of fraud, their decision is by the will made final. Their nonaction must be held to be evidence that they did not consider. Harold had become ''absolutely free and exempt from any habitual use of wine, spirits, malt or other

alcoholic beverages or from opium, chloral, cocain and/or other narcotic drugs."

Plaintiff further claims her husband Harold had a vested interest in the trust fund and that because she survived him, his interest did not lapse and would descend to plaintiff. Such theory is not tenable for the reason that Harold never had a vested interest. The contingency that would give him a vested interest never happened.

The trial court found, "that the facts alleged in the bill of complaint, viewed in the strongest and most favorable light possible for the plaintiff, fail to show an abuse of discretion on the part of the trustees in their failure to terminate the trust before Harold's death," which finding we affirm.

We conclude that the trust was not terminated at any time before the death of Harold and that Harold did not have any interest in the trust fund that could pass to his widow, the plaintiff. Other questions raised need no determination.

Paragraph 3 of the will provided for a trust fund of $20,000 for the benefit of testator's widow. Upon her death, the residue of that fund was to be transferred to the trust fund set up in paragraph 4 for the benefit of Harold. No question is raised concerning the trust fund for testator's widow, or as to its administration or its transfer.

The decree dismissing the bill is affirmed. Costs to defendants.

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, North, and Dethmers, JJ., concurred.